United States District Court
Southern District of Texas

**ENTERED**

July 30, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUNIOR RENE GUITY MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 4:26-cv-00721 |
| v. | § | |
| | § | |
| WARDEN, Montgomery Processing | § | |
| Center, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |

### ORDER OF DISMISSAL

The petitioner, Junior Rene Guity Martinez, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention. (Dkt. No. 1). In an Order entered on July 7, 2026, the Court instructed the petitioner's counsel to provide the Court with a status update stating whether the petitioner is still in custody or whether this habeas petition is moot because the petitioner has been removed from the United States. (*See* Dkt. No. 11). The deadline for compliance was July 13, 2026, and the petitioner's counsel has not filed the status update as ordered by the Court. This case will be dismissed for want of prosecution.

A district court may dismiss a lawsuit for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See* Fed. R. Civ. P. 41(b). "This authority is based on the courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Lewis v. Sheriff's Dept. Bossier Parish*, 478 F. App'x 809, 815 (5th Cir. 2012) (per curiam) (internal quotation marks and citation omitted); *see also Gates v. Strain*, 885 F.3d 874 (5th Cir. 2018) (explaining that a district court may dismiss an action for failure to prosecute); *Nottingham*

*v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action for failure to comply with court orders).

The petitioner's failure to comply with the Court's Order entered on July 7, 2026, forces the Court to conclude that the petitioner lacks diligence in prosecuting this action. Therefore, under the Court's general power to manage its docket, this case is dismissed without prejudice for want of prosecution.

This case is **DISMISSED without prejudice**. Any pending motions are **denied** as moot.

The Clerk shall provide a copy of this Order to the parties.

It is so ORDERED.

SIGNED on July 30, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge